FILED

13 OCT 21 AM 10:50

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SAADE,<br><br>                              Plaintiff,<br><br>vs.<br><br>ELIZABETH VILLA SENOR and NANCY GUERRERO,<br><br>                            Defendants. | CASE NO. 13-CV-2132 BEN (DHB)<br><br>**ORDER:**<br><br>**(1) DISMISSING ACTION WITHOUT PREJUDICE**<br><br>**(2) DENYING AS MOOT MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>[Docket No. 2] |

On September 11, 2013, *pro se* Plaintiff Julio Saade filed a Complaint against Elizabeth Villa Senor and Nancy Guerrero, employees of the United States Citizenship and Immigration Services ("USCIS"). (Docket No. 1.) Plaintiff also filed a motion to proceed *in forma pauperis*. (Docket No. 2.) The Court decides the matters on the papers submitted. For the reasons outlined below, the Court **DISMISSES** the action without prejudice and **DENIES** as moot Plaintiff's motion to proceed *in forma pauperis*.

## BACKGROUND

The Complaint, entitled "Complaint for Deprivation of Rights under Color of Law," alleges that the USCIS wrongfully denied Plaintiff's application for citizenship. Plaintiff alleges that the USCIS claimed not the have received certain court documents that Plaintiff mailed to the USCIS. Plaintiff alleges that "[his] arrival [for his N-400

interview] was oviously [sic] antisipated [sic] for there was an extra officer sitting in on [his] interview and appeared noticably [sic] nervous." (Compl. at 2.) Moreover, a letter that Plaintiff sent to the USCIS was returned unopened, his case number does not function on the USCIS website, and the USCIS refuses to correspond with Plaintiff.

In addition, Plaintiff alleges that he applied for citizenship once before in 2009. Plaintiff alleges that in 2009, he was "severelly [sic] mistreated and accused of lieing [sic]." (*Id.*)

## DISCUSSION

### I. *SUA SPONTE* SCREENING AND DISMISSAL

A complaint filed by any person proceeding, or seeking to proceed, *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). That is, the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556. Dismissal is also appropriate when the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). *Pro se* litigants are not "excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

Here, Plaintiff's Complaint lacks a sufficient legal and factual basis. Although

Plaintiff alleges a "deprivation of rights under color of law" under 18 U.S.C. § 242, he does not allege which right "secured or protected by the Constitution or laws of the United States" he was allegedly deprived of. *See* 18 U.S.C. § 242. In addition, Plaintiff does not allege what part the named defendants, Elizabeth Villa Senor and Nancy Guerrero, played in the alleged misconduct. Accordingly, the Complaint lacks both a cognizable legal theory and a sufficient factual basis. The Complaint is, therefore, **DISMISSED WITHOUT PREJUDICE.**

## II.  MOTION TO PROCEED *IN FORMA PAUPERIS*

Because Plaintiff's Complaint is dismissed, Plaintiff's motion to proceed *in forma pauperis* is **DENIED** as moot.

## CONCLUSION

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff is granted leave to file an amended complaint that corrects the deficiencies outlined above. Any such amended complaint must be filed no later than **November 18, 2013**.

The motion to proceed *in forma pauperis* is **DENIED** as moot. If Plaintiff wishes to renew the motion to proceed *in forma pauperis*, Plaintiff must file a new motion to proceed *in forma pauperis* along with an amended complaint.

**IT IS SO ORDERED.**

DATED: October 17, 2013

HON. ROGER T. BENITEZ
United States District Judge