FILED
14 JAN -9 PM 3:38
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY CXL DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JULIO SAADE,

Plaintiff,

vs.

ELIZABETH VILLA SENOR and NANCY GUERRERO,

Defendants.

CASE NO. 13-CV-2132 BEN (DHB)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On September 11, 2013, *pro se* Plaintiff Julio Saade filed a Complaint against Elizabeth Villa Senor and Nancy Guerrero, employees of the United States Citizenship and Immigration Services ("USCIS"). (Docket No. 1.) Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). (Docket No. 2.) On October 21, 2013, the Court dismissed the action without prejudice and denied as moot Plaintiff's motion to proceed IFP. The Court granted Plaintiff leave to file an amended complaint and instructed Plaintiff to file a new motion to proceed IFP along with the amended complaint if he wished to renew the motion.

On November 13, 2013, Plaintiff filed a First Amended Complaint, but did not file a new motion to proceed IFP. For the reasons outlined below, the Court **DISMISSES** the action without prejudice.

///

///

## BACKGROUND

The Original Complaint, entitled "Complaint for Deprivation of Rights under Color of Law," alleged that the USCIS wrongfully denied Plaintiff's application for citizenship. Plaintiff alleged that the USCIS claimed not the have received certain court documents that Plaintiff mailed to the USCIS. Plaintiff alleges that "[his] arrival [for his N-400 interview] was oviously [sic] antisipated [sic] for there was an extra officer sitting in on [his] interview and appeared noticably [sic] nervous." (Compl. at 2.) Moreover, a letter that Plaintiff sent to the USCIS was returned unopened, his case number did not function on the USCIS website, and the USCIS refused to correspond with Plaintiff. In addition, Plaintiff alleged that he applied for citizenship once before in 2009. Plaintiff alleged that in 2009, he was "severelly [sic] mistreated and accused of lieing [sic]." (*Id.*)

After conducting the *sua sponte* screening mandated by 28 U.S.C. § 1915(e)(2)(B), the Court found that Plaintiff failed to allege which right "secured or protected by the Constitution or laws of the United States" he was allegedly deprived of and what part the named defendants, Elizabeth Villa Senor and Nancy Guerrero, played in the alleged misconduct.

The First Amended Complaint alleges, in its entirety: "The deprivation of rights occured [sic] when Ms Guerrero told me that I was not going to breakdown in the interview. That violated by freedom of expression right. My second right that was violated was when I attempted to correspond via US mail and my letter was regected [sic], that I believe was a violation of my right to petition the government. Relief can be obtained in this case by stating my US citizenship. Officer Via Sensor is the lead supervisor in this Office and I hold her accountable for my petion [sic] being regected [sic]. An appeal option was stated in [illegible] denial forms opting an appeal for the US Circuit 10 Court to overlook and rule on my case, which I would like to exercise." (FAC at 2.)

///

## DISCUSSION

### I. FAILURE TO PAY FILING FEE OR FILE MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, nor has he submitted a new motion to proceed IFP pursuant to 28 U.S.C. § 1915(a), as instructed to do so in the October 21 Order. Therefore, the case cannot proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

### II. SUFFICIENCY OF FIRST AMENDED COMPLAINT

In addition, even if Plaintiff had filed a new motion to proceed IFP, the First Amended Complaint would not pass the *sua sponte* screening mandated by 28 U.S.C. § 1915(e)(2)(B). The First Amended Complaint alleges that Plaintiff's "freedom of expression right" and "right to petition the government" were violated. The Court interprets this as an allegation of a violation of Plaintiff's First Amendment rights. The First Amended Complaint, however, lacks a sufficient factual basis to support an allegation of a violation of Plaintiff's First Amendment rights. Telling an individual to not "breakdown" in an interview and "rejecting" a letter does not amount to a violation of First Amendment rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000)

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

(*pro se* litigants are not "excused from knowing the most basic pleading requirements").

## CONCLUSION

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action *sua sponte* without prejudice for failing to pay the $400 civil filing and administrative fee or submitting a motion to proceed IFP; and

(2) **GRANTS** Plaintiff **thirty (30)** days leave from the date this Order is filed to: (a) pay the entire $400 civil filing and administrative fee in full; ***or*** (b) complete and file a motion to proceed IFP.

If Plaintiff fails to either pay the $400 civil filing fee or submit a motion to proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

**IT IS SO ORDERED.**

DATED: January 09, 2014

HON. ROGER T. BENITEZ
United States District Judge